UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Amjad Mahmoud Wadi,                              Civ. No. 06-1543 (PAM/SRN)

           Petitioner,

v.                                                             **ORDER**

R.L. Morrison, Warden,

           Respondent.

This matter is before the Court on Petitioner's Objections to United States Magistrate Judge Susan R. Nelson's Report and Recommendation ("R&R") dated July 10, 2006. For the reasons set forth below, the Court overrules the Objections and adopts the R&R.

The R&R recommended that this Court deny as moot in part the Petition for Writ of Habeas Corpus, in light of the revised policy of the Bureau of Prisons (BOP) of assigning inmates to residential reentry centers (RRC) without regard to 28 C.F.R. §§ 570.20 and 570.21. The R&R also recommended denying Petitioner's requests for an immediate transfer and an additional individualized assessment. Petitioner objects to the R&R, asserting (1) that the BOP has not evaluated him in accordance with Program Statement 7310.04 and 18 U.S.C. § 3621(b), and (2) that the Court should require the BOP to immediately reconsider the date when Petitioner should be assigned to an RRC.

The Court has conducted a de novo review of the Objections and the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). After the Petition was filed, the BOP reevaluated Petitioner's eligibility for assignment to an RRC, without regard to 28 C.F.R. §§ 570.20 and 570.21, and in accordance with 18 U.S.C. § 3621(b) and Program Statement 7310.04. (See Gov't Suppl. Resp.

at 1.) As recommended by the R&R, this aspect of the petition is therefore denied as moot. Concerning Petitioner's request for an immediate transfer, neither <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006),[1] nor any other authority requires the BOP to immediately transfer an inmate on demand by a prisoner. When the BOP reevaluated Petitioner, it determined that he should receive thirty to forty-five days of placement in an RRC. Given Petitioner's projected release date of January 3, 2007, an immediate transfer would be inappropriate. Finally, Petitioner has not challenged the reevaluation through the BOP's administrative remedy program, and thus, his request for a third evaluation is denied.

    Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED in part** and **DENIED AS MOOT in part** as recommended by the R&R;

2. The R&R (Docket No. 9) is **ADOPTED**; and

3. The Objections (Docket Nos. 10 and 11) are **OVERRULED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>August 21, 2006</u>

                                                        <u>s/ Paul A. Magnuson</u>
                                                        Paul A. Magnuson
                                                        United States District Court Judge

---

[1] In <u>Fults</u>, the Eighth Circuit held that 28 C.F.R. §§ 570.20 and 570.21 were invalid because they conflicted with 18 U.S.C. § 3621(b), which gives broad discretion to the BOP to determine the location of an inmate's imprisonment. 442 F.3d at 1091-92.